UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TERRY TAYLOR,

                        Plaintiff,

    -against-                                                          5:15-cv-0015 (LEK/ATB)

REEB MILL WORKS CORPORATION,
*et al.*,

                        Defendants.

## **DECISION and ORDER**

*Pro se* Plaintiff Terry Taylor ("Plaintiff") commenced the present action against Defendants Reeb Mill Works Corporation ("Reeb Mill Works"), Tim Basile ("Basile"), and Mike Joyner ("Joyner") (collectively "Defendants") pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*, for alleged discrimination on the basis of race. Dkt. No. 1 ("Complaint"). On September 29, 2015, the Court dismissed Plaintiff's suit without prejudice, noting that if Plaintiff wanted to refile his Title VII claims, he would need to address the timeliness of his suit. Dkt. No. 27 ("September Order"). Presently before the Court is Plaintiff's Letter Brief in response to the September Order. Dkt. No. 32 ("Letter Brief").

       The Court presumes the parties' familiarity with the facts and history of this case, and recites only those facts necessary to the resolution of this matter. Plaintiff's Complaint alleges that while employed at Reeb Mill Works, Defendants discriminated against him by reducing his wages, by harassing him, and by terminating him. Compl. Defendants filed Motions to dismiss, arguing that Plaintiff had not exhausted his administrative remedies or obtained a right to sue letter from the EEOC and failed to state a cause of action under Title VII. Dkt. Nos. 11-1 at 5-6; 24-1 at 5-6. On

September 29, 2015, the Court granted Defendants' Motions to dismiss. Sept. Order at 5. Plaintiff was advised that he had thirty days to file an amended complaint explaining why he had not obtained a right to sue letter from the EEOC. Id.

Plaintiff, after receiving an extension from the Court, timely filed a Letter Brief on November 25, 2015.[1] Letter Br. Plaintiff claims that his primary objective in this matter is to expose fraud perpetrated by Reeb Mill Works regarding his diminished wages. Id. at 1. He indicates, both in writing and by annotating other earlier documents, that he does not wish to prosecute a Title VII claim. Id. at 1, 12, 15, 20. Plaintiff instead pleads facts to support a fraud claim against Reeb Mill Works, indicating that among other things, his hours were incorrectly calculated. Id. at 5-7. Plaintiff also complains of wrongful termination, which he notes is "a violation of New [York] State Law." Id. at 1.

Here, the Court has granted Defendants' Motion to dismiss Plaintiff's Title VII claim, and Plaintiff, in his Letter Brief, has expressly abandoned this claim. In his Letter Brief, Plaintiff exclusively raises state law claims.[2] As a result, there does not appear to be any federal question presented. Moreover, with respect to the fraud claim and other assorted state law claims, Plaintiff

---

[1] Since Plaintiff is proceeding *pro se*, his Letter Brief, submitted in lieu of an amended complaint, shall be "construed liberally and interpreted to raise the strongest arguments that they suggest." Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

[2] While the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, includes a provision for proper overtime compensation, id. § 207(a)(2), Plaintiff has not alleged sufficient facts to allow the Court to conclude that he was defrauded specifically regarding time-and-a-half pay for overtime work. As a result, the Court declines to construe Plaintiff's wage fraud claims as an FLSA claim.

and Reeb Mill Works appear to both be citizens of New York.[3] Thus, it appears that in light of the Court's dismissal of Plaintiff's Title VII claim, it no longer possesses subject matter jurisdiction over this action.

However, since facts supporting citizenship of Reeb Mill Works have not been pleaded, the Court will allow Plaintiff **thirty (30) days** from the date of this Decision and Order to submit a memorandum of law asserting the basis for subject matter jurisdiction. Plaintiff is advised that he will need to prove to the Court that diversity of citizenship exists; that is, that he is a resident of a different state than the state in which Reeb Mill Works resides.[4] Plaintiff is advised that corporations like Reeb Mill Works hold dual residency of their place of incorporation and their principal place of business, "where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). Reeb Mill Works shall have **ten (10) days** thereafter to file a response. If Plaintiff fails or elects not to file a memorandum of law, the Clerk shall dismiss this case for lack of subject matter jurisdiction, at which point

---

[3] In the Complaint, Plaintiff lists his address as Syracuse, New York and has received filings at this address by certified mail as recently as October 2015. Compl. at 1; see also Dkt. No. 29. In the absence of further information to the contrary, the Court will assume that Plaintiff is a resident of New York.

[4] Plaintiff alleges damages in the amount of five million dollars. Letter Br. at 5. While this amount is likely excessive for purposes of analyzing the amount in controversy in this case, the test for determining whether Plaintiff has met the $75,000 amount-in-controversy requirement is whether it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Since Plaintiff has complained of wage violations from 2004 to 2008, as well as wrongful termination, the Court finds that the potential damages awarded from these violations could possibly exceed $75,000. See Wolde-Meskel v. Vocational Instruction Project Cmty. Svcs., Inc., 166 F.3d 59, 62 (2d Cir. 1999) (allowing aggregation of claims against common defendants to meet the amount-in-controversy requirement). Therefore, the Court deems the amount-in-controversy requirement regarding Plaintiff's assorted state law claims satisfied.

Plaintiff would be able to file an action for fraud and other state law claims in state court.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff submit a memorandum of law addressing the Court's subject matter jurisdiction over his state law claims **within thirty (30) days** if he wishes to proceed with this action in federal court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	December 09, 2015
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge