UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TERRY TAYLOR,

                        Plaintiff,

        -against-                                    5:15-cv-0015 (LEK/ATB)

REEB MILL WORKS CORPORATION,
*et al.*,

                        Defendants.

_____

# DECISION and ORDER

*Pro se* Plaintiff Terry Taylor ("Plaintiff") commenced the present action against Defendants

Reeb Mill Works Corporation ("Reeb"), Tim Basile ("Basile"), and Mike Joyner ("Joyner")

(collectively, "Defendants") for alleged discrimination on the basis of race.  Dkt. No. 1

("Complaint").  On April 18, 2016, after Plaintiff raised a potential Fair Labor Standards Act

("FLSA") claim in his filings, the Court asked Plaintiff to address the issue of equitable tolling as

the claim appeared to have accrued more than six years before the institution of this suit.  Dkt. No.

40 ("April Order").  Presently before the Court is a Memorandum of law addressing Plaintiff's

efforts to resolve his grievances before filing the instant action.  Dkt. No. 43 ("Memorandum").

        The Court presumes the parties' familiarity with the facts and history of this case, and recites

only those facts necessary to the resolution of this matter.  Plaintiff's Complaint alleges that while

employed at Reeb, Defendants discriminated against him by reducing his wages, harassing him, and

terminating him.  Compl.  Defendants filed Motions to dismiss, arguing that Plaintiff (1) had not

exhausted his administrative remedies or obtained a right-to-sue letter from the EEOC and (2) failed

to state a cause of action under Title VII.  Dkt. Nos. 11-1 at 5-6; 24-1 at 5-6.  On September 29,

2015, the Court granted Defendants' Motions to dismiss. Dkt. No. 27 at 5. Plaintiff was advised

that he had thirty days to file an amended complaint explaining why he had not obtained a right to

sue letter from the EEOC. Id. Plaintiff timely filed a Letter Brief stating that his claims against

Reeb were solely for fraud and that he did not wish to pursue a Title VII claim. Dkt. No. 32 at 1, 12,

15, 20. The Court then instructed Plaintiff to file a memorandum in support of subject matter

jurisdiction within thirty days in light of Plaintiff's withdrawal of his federal law claims. Dkt. No.

34 at 3.

Plaintiff filed a Memorandum on January 11, 2015. Dkt. No. 35. He noted confusion with

the diversity of citizenship standard but spent a significant portion of his Memorandum explaining

his issues under "fair labor standards." Id. at 1-3. Reeb, in its Response filed February 1, 2016,

confirmed that it is a New York corporation and that diversity of citizenship did not exist. Resp. at

1; Dkt. No. 36-1. Defendants also argued that Plaintiff's claims in his Memorandum should not be

construed as FLSA claims, as the Court had previously declined to find such claims in Plaintiff's

Complaint. Resp. at 1 n.1. Plaintiff replied, claiming that his Memorandum was timely and

addressing the merits of his claims. Dkt. No. 37. The Court found that subject matter jurisdiction

did not exist based on diversity of citizenship and thus allowed Plaintiff a final opportunity to

explain why the suit was filed well past the three-year statute of limitations for willful violations of

the FLSA. Apr. Order at 3.

Plaintiff, in his Memorandum, discusses a number of proceedings that took place in front of

an ALJ in 2009 and his experiences with unhelpful attorneys, presumably also in 2009. Mem. at 2-

5. Plaintiff also mentions talking with the Department of Labor in 2013. Id. at 6. According to

Plaintiff, a representative of the Department of Labor informed him that they could only go three

years back "but the federal court [goes] up to six years." Id.

There are two elements that must be established to invoke equitable tolling: "(1) that [a plaintiff] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Specifically, diligence is required "during the time period [a plaintiff] seeks to have tolled." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002). Under the principles of equity, a claimant may be able to invoke equitable tolling if "(1) [they] have received inadequate notice, (2) a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or (3) where the court has led the plaintiff to believe that plaintiff had done everything required, or (4) where the affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." Edinboro v. Dep't of Health & Human Servs., 704 F. Supp. 364, 366 (S.D.N.Y. 1988) (citing Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984) (per curiam)); see also Webster v. Potter, 746 F. Supp. 2d 635, 641 (S.D.N.Y. 2010). Since Plaintiff pursued his rights immediately after being terminated, Plaintiff cannot claim that he was deprived of notice. Mem. at 2. No motion for appointment of counsel is pending, and Plaintiff has not alleged any affirmative misconduct on the part of Defendants.

While Plaintiff has plausibly claimed that a representative from the Department of Labor incorrectly transposed the statute of limitations for state and federal court, this does not constitute a sufficient extraordinary circumstance that stood in Plaintiff's way. Furthermore, Plaintiff alleges that this interaction happened in 2013, while every other event discussed by Plaintiff occurred in

3

2008 or 2009.  Mem. at 2-6.  This leaves a gap that includes all of calendar years 2010, 2011, and 2012.  Since Plaintiff has left a gap of at least three years unexplained in his Memorandum, his equitable tolling argument must fail.  Zerilli-Edelglass, 333 F.3d at 80.  Therefore, Plaintiff's FLSA claim must be dismissed as time-barred.

Since Plaintiff has no federal law claims remaining, the Court no longer has subject-matter jurisdiction over Plaintiff's remaining fraud claim.  A federal district court has supplemental jurisdiction over all state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction."  Id. § 1367(c).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Because Plaintiff's federal claims have been dismissed at this early stage of litigation, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff is advised that the New York state statute of limitations for fraud actions is six years.  N.Y. C.P.L.R. § 213(8).  Since the instant action was filed very close to the six-year mark after Plaintiff's claim accrued, he should commence a civil suit in state court immediately to ensure that he is not also time-barred in state court.[1]

---

[1] The Court makes no finding as to the ultimate timeliness of any state court action that Plaintiff could file.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     June 02, 2016
           Albany, New York

Lawrence E. Kahn
U.S. District Judge